## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

GEMCOR II, LLC,             )
                                          )
                 Plaintiff,        )
                                          )
v.                                   )       **Case No. 11-CV-2520-CM**
                                          )
ELECTROIMPACT INC.,       )
                                          )
                 Defendant.    )
_____)

## MEMORANDUM AND ORDER

     Plaintiff Gemcor II, LLC moves to dismiss defendant Electroimpact Inc.'s counterclaims for invalidity and patent misuse (Doc. 15).  Because neither counterclaim gives Gemcor fair notice of what the claims are and the grounds upon which they rest, the court dismisses them.  Gemcor also moves to strike Electroimpact's invalidity and patent misuse affirmative defenses (Doc. 15).  Because both affirmative defenses provide fair notice of the grounds on which Electroimpact intends to defend this lawsuit, the court does not strike them.  Accordingly, the court grants Gemcor's motion to dismiss and denies Gemcor's motion to strike.

## I.    FACTUAL BACKGROUND

     Gemcor brings this lawsuit and alleges that Electroimpact's E700 riveting machine infringes three Gemcor patents.  In response to these allegations, Electroimpact asserts four counterclaims and six affirmative defenses.  Gemcor moves to dismiss Electroimpact's second and third counterclaims.  Electroimpact's second counterclaim states that the "patents in this suit are invalid because they fail to meet the requirements of 35 U.S.C. §§ 102, 103, and/or 112." (Doc. 13 at 7.)  And Electroimpact's third counterclaim alleges that the "patents in this suit are unenforceable under the doctrine of patent misuse." (Doc. 13 at 7.)  Gemcor also moves to strike Electroimpact's second and

third affirmative defenses (invalidity and patent misuse, respectively), which contain identical

allegations to the corresponding counterclaim quoted above.

## II.    MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) provides a vehicle for a party to challenge the legal

sufficiency of a counterclaim.  The requirements underlying the legal sufficiency of a counterclaim

stem from Federal Rule of Civil Procedure 8(a).  Rule 8(a) requires that a claim for relief must

contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The

purpose of this rule is to give the opposing party "fair notice of what the . . . claim is and the grounds

upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007).

The pleader's obligation to provide the grounds upon which his claim rests requires "more

than labels and conclusions . . . ."  *Id.*; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A

pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of

action will not do.") (internal quotations omitted).  The pleader must include factual allegations that

"raise the right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  To make this

showing, the pleader must allege "factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.

Both of Electroimpact's counterclaims fail to satisfy this standard.  Electroimpact's invalidity

counterclaim pleads the statutory sections in the alternative and, therefore, does not link each patent

with specific statutory references.  Because it is unclear which section(s) of Title 35 apply to each

patent, Electroimpact has not come close to providing fair notice of what the claim is and the

grounds upon which it rests.  *See, e.g.*, *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1051

(N.D. Cal. 2004) (concluding pre-*Twombly* that a similar invalidity claim was "radically

insufficient"). Electroimpact's patent misuse counterclaim is even more deficient. This counterclaim contains a mere legal conclusion and no supporting facts. As such, it also fails to satisfy Rule 8.

Electroimpact urges this court to adopt the rationale outlined in *Microsoft Corp. v. Phoenix Solutions, Inc.*, 741 F. Supp. 2d 1156 (C.D. Cal. 2010). In that case, the district court denied a motion to dismiss a patent invalidity claim. In reaching that decision, the court noted that Form 18, which is appended to the Federal Rules of Civil Procedure, provides an example complaint for alleging direct patent infringement that requires "little more than a conclusory statement that the defendant infringed the plaintiff's patent." *Id.* at 1158. Based on this observation, the district court reasoned that it would be "incongruous to require heightened pleading" for patent invalidity claims and determined that "the Court does not subject declaratory judgment claims of invalidity to the heightened pleading standards of *Twombly* and *Iqbal*." *Id*. at 1159.

As an initial point, the *Microsoft* case provides no support for Electroimpact's patent misuse counterclaim because the opinion is limited to claims for infringement, non-infringement, and invalidity. *Id.* at 1159. Indeed, the *Microsoft* court expressly stated that "[a]ll other claims, counterclaims and affirmative defenses in a patent case are subject to the requirements of Federal Rule of Civil Procedure 8(a) as interpreted by the Supreme Court in *Twombly* and *Iqbal*, except for inequitable conduct." *Id.* Accordingly, Electroimpact has provided no basis for this court to disregard the pleading standard discussed above for the patent misuse counterclaim.

The *Microsoft* case does present an argument for allowing a sparse invalidity claim to survive a motion to dismiss. And other courts have been persuaded by arguments similar to those articulated by the *Microsoft* court. *See, e.g.*, *Elan Pharma Int'l Ltd. v. Lupin Ltd.*, No. 09-1008, 2010 U.S. Dist. LEXIS 32306, at * 16 (D.N.J. Mar. 31, 2010) (allowing vague invalidity claim to survive a motion to

dismiss); *Pfizer Inc. v. Apotex Inc.*, 726 F. Supp. 2d 921, 937–38 (N.D. Ill. 2010) (same).  But this court respectfully disagrees with the *Microsoft* court.  Form 18 applies to patent infringement claims. It is not an example complaint for a patent invalidity claim.  And, therefore, there is no legal basis for this court to ignore the clear mandates of the Supreme Court even though the result is a disparate pleading burden between a patentee and an accused infringer.  *See Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 903 (E.D. Pa 2011) (dismissing invalidity counterclaim even though some courts have "forgiven similarly sparse counterclaims based on the low bar to which plaintiff's averments of patent infringement were subjected").  Accordingly, Electroimpact's invalidity counterclaim must comply with the pleading standard discussed in *Twombly* and *Iqbal* to survive a motion to dismiss.  And it does not.[1]

## III.    MOTION TO STRIKE

Gemcor also moves to strike Electroimpact's second and third affirmative defenses (invalidity and patent misuse, respectively).  Federal Rule of Civil Procedure 12(f) allows a court to strike an insufficient defense.  A defense may be insufficient if it fails to meet the pleading requirements of Federal Rule of Civil Procedure 8(b) and (c).  Rule 8(b) requires a party to state a defense in short and plain terms.  And Rule 8(c) requires a responding party that is asserting an affirmative defense to "affirmatively state" the defense.  Indeed, the purpose of pleading an affirmative defense is to provide the opposing party with fair notice.  *Falley v. Friends Univ.*, 787 F. Supp. 2d 1255, 1257 (D. Kan. 2011).  Notably, both of these standards are "markedly less

---

[1]

It is unclear to this court how Electroimpact suggests that this court evaluate the sufficiency of a patent invalidity claim if *Twombly* and *Iqbal* did not apply to it.  For a direct infringement claim, the court can compare a claim to Form 18.  But Form 18 does not provide a basis for analyzing the sufficiency of an invalidity claim.  The *Microsoft* court and Electroimpact leave this practical concern unanswered.

demanding than that of Rule 8(a) . . . ." *Id.* at 1258.  Despite these more lenient standards, however, some defenses—such as fraud and mistake—are subject to the heightened pleading standards contained in Federal Rule of Civil Procedure 9(b).  *See* Fed. R. Civ. P. 9(b) (requiring a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake").

Both of Electroimpact's affirmative defenses satisfy this standard.  Electroimpact's invalidity affirmative defense provides notice that invalidity is a possible issue for trial, and Gemcor can determine the details of this defense through targeted discovery.  *See Tyco* 777 F. Supp. 2d at 903 (denying motion to strike a terse invalidity affirmative defense because "[it] provides Plaintiff with notice that Defendant anticipates defending this suit on grounds of invalidity, the details of which Plaintiff can flesh out through discovery").  Accordingly, the invalidity affirmative defense survives Gemcor's motion to strike.

Similarly, Electroimpact's patent misuse affirmative defense provides notice that Electroimpact intends to defend this lawsuit on grounds of patent misuse.  *Whitserve v. GoDaddy.com, Inc.*, No. 11-cv-948, 2011 U.S. Dist. LEXIS 132636, at *8–9 (D. Conn. Nov. 17, 2011) (denying motion to strike invalidity and patent misuse affirmative defense because each defense "clearly states a basis on which [defendant] plans to defend this lawsuit").  Gemcor argues that this defense might be subject to the heightened pleading standard of Rule 9(b) to the extent it is based on fraud before the United States Patent and Trademark Office.  If Electroimpact's patent misuse affirmative defense implicates fraud, then Electroimpact must seek leave to re-plead this affirmative defense with particularity.  *See Bayer CropScience AG. v. Dow AgroSciences LLC*, No. 10-1045, 2011 U.S. Dist. LEXIS 149636, at *9–10 (D. Del. Dec. 30, 2011) (declining to strike patent

misuse affirmative defense but requiring defendant to re-plead this defense to the extent it sounds in fraud).  But, for now, the court will not strike this affirmative defense on this basis.

**IT IS THEREFORE ORDERED** that Gemcor's motion (Doc. 15) is granted in part and denied in part.  Gemcor's motion to dismiss is granted.  Electroimpact's second and third counterclaims are dismissed without prejudice.  Gemcor's motion to strike is denied.

Dated this 27th day of February 2012, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**